STEPHEN U. HOPKINS and Others, as Receivers of the BRADLEY CONTRACTING COMPANY, Appellants, Respondents, v. THE CITY OF NEW YORK, Respondent, Appellant.

*Municipal corporation — action to recover on street paving contract — judgment in favor of plaintiffs on temporary pavement is reversed.*

Appeal by plaintiffs from so much of a judgment of the Supreme Court, New York county, entered in the New York county clerk's office on June 30, 1924, upon verdicts in part found by the jury and in part directed by the court, as grants judgment in favor of the defendant upon the merits against the plaintiffs upon certain items in the first and second causes of action, and upon the sixth cause of action, and from so much of an order of said court entered in said clerk's office on April 30, 1924, as denies plaintiffs' motion for the direction of a verdict upon the sixth cause of action and grants defendant's motion for the direction of a verdict upon said cause of action.

Also appeal by defendant from so much of said judgment as awards to the plaintiffs a net amount of $205,729.77; and from so much of said order as grants plaintiffs' motion for an award of interest upon the amounts found by the jury and directed by the court.

PER CURIAM. The judgment entered upon the verdicts directed by the court and also upon the verdicts rendered by the jury is affirmed except with respect to the following item: (1) Temporary pavement. A verdict was directed in favor of the plaintiffs in the sum of $10,530.48 for temporary pavement. Plaintiffs by this claim seek payment for laying pavement between the railroad tracks, and also claim that the engineers improperly deducted the space occupied by the railroad tracks and slots from the amount of pavement restored by the contractor

between the tracks to the curb. It consists of two items — the sum of $3,385.56 claimed for improper deductions for surface area of slots and rails, and the sum of $7,144.84 for "unremoved pavement" between the tracks of the Lexington avenue surface railroad. The engineer properly, in our opinion, made deductions from the street surface area of the slots and rails. The contention of the contractor that the surface of the rails and slots should be allowed because the surface of the manhole covers was not deducted is unfounded. The manhole spaces are provided for under section 463 of the specifications which requires that payment for street surface restored at the unit price shall include the cost of restoring all curbs, manholes, slots and covers, gratings, vault lights, etc., that formed a part of the original street surface. The claim of the contractor for "unremoved pavement" was improperly allowed. The contractor did not remove this pavement during the construction. It supported and sustained the railway tracks and structures as required by section 72 of the specifications, and was paid therefor. Section 460 of the specifications provides for a temporary pavement only on such spaces of the work where removal of the pavement was necessary during the construction period. Concededly the contractor did not remove the pavement between the track rails during such period. The pavement, the evidence shows, was not removed until the time arrived for the temporary paving of Lexington avenue from curb to curb. We think the claim is unsupported by facts and a direction in plaintiffs' favor was error. The judgment, so far as it relates to this claim, should be reversed and the complaint in respect thereto dismissed. The judgment, modified as above indicated, should be affirmed, with costs to the plaintiffs, appellants. Present — Clarke, P. J., Merrell, Finch, Martin and Wagner, JJ. Judgment modified as indicated in opinion and as so modified affirmed, with costs to the plaintiffs, appellants. Settle order on notice.